87

Lemuel A. Dodge
vs.                       } No. 30510
American Oyster Company

January 25, 1918

TANNER, P. J. This case is heard upon the motion of the plaintiff to amend his declaration.

The original declaration alleged that defendant had violated its duty to provide a safe place for the plaintiff to work because a pipe had become stopped up with oyster shells and other refuse, giving rise to noxious odors which temporarily deprived plaintiff of consciousness and led to his injury. The amendment alleges that the same duty to provide plaintiff a safe place to work was violated by the defendant maintaining a de-

fective furnace which filled the place where the plaintiff was working with carbon monoxide and other noxious vapors, temporarily depriving him of consciousness and leading to his injury.

The defendant objects that the amendment does not set up a new action in that the original cause of action was a defective pipe and the cause of action stated in the amendment is a defective furnace.

Upon consideration of the cause and examination of authorities, we have come to the conclusion that the amendment does not set up a new cause of action. While it is true that different methods or means of rendering the place unsafe are stated, only one injury is alleged. Only one right is set up in the plaintiff and only one violation of that right.

"If the plaintiff has two causes of action of the same class, though the same facts may, in part, be common to both of them, he is not allowed to declare upon one and afterwards abandon it and substitute the other by amendment. He may, however, add further facts to more fully describe the cause of action,—the wrong—which he originally alleged. He may allege additional facts to show the existence of his primary right, as long as he does not undertake to set up another and distinct right. And he may allege additional facts to show that the defendant has been guilty of the alleged violation of plaintiff's right. If there is substantial identity of wrong (which necessarily includes identity of the right violated), there is substantial identity of cause of action. This identity is not the same as that required between allegata and probata. A party is required to prove his material and essential allegations as he has alleged them, and, in the absence of amendment, may fail because of a variance, though the facts proved show substantially the same cause of

action shown by the facts alleged. The two sets of facts may show substantially the same cause of action, and yet the proof of one will not sustain the allegation of the other. Not so with the test of an amendment. To avoid a variance is not the least important of the offices of an amendment. Davis vs. Hill, 41 N. H. 329. So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action."

City of Columbus vs. Anglin, 120 Ga. 785.

If the plaintiff had brought his case relying upon the original count in his declaration and been defeated, we think it is quite clear that he could not have sued again for the same injury and for a violation of the same right at the same time and place upon the ground that the place was made unsafe by other means than those stated in the original declaration.

The request to amend the declaration is granted.

For plaintiff: A. B. Crafts.

For defendant: Green, Hinkley & Allen.